**SO ORDERED.**

**SIGNED this 24 day of October, 2012.**



_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **MARGERY PITMAN WALLACE** | 12-03588-8-SWH |
|     **DEBTOR** | |

### ORDER REGARDING STATUS CONFERENCE

A status conference took place in Raleigh, North Carolina, on August 22, 2012, regarding the trustee's pending objection to confirmation of the debtor's plan and motion to dismiss the case. At the conference, the trustee raised concerns regarding the authority of Victoria Ann Wallace to file the petition initiating this case on behalf of her mother, Margery Pitman Wallace, pursuant to a power of attorney. As this is a threshold issue, the court took the matter under advisement to determine the propriety of the filing.

### BACKGROUND

On May 10, 2012, a petition for relief under chapter 13 of the Bankruptcy Code was filed by Victoria Ann Wallace on behalf of Margery Pitman Wallace pursuant to a Durable Power of Attorney for Financial Management dated February 9, 2006 (the "POA"). A copy of the POA was filed with the petition. The POA states that Victoria Ann Wallace has authority to:

> institute, prosecute, defend, compromise, settle, arbitrate, or dispose of any legal, equitable, or administrative actions or proceedings in my name; to execute and verify petitions and complaints in the Federal and State courts, specifically including the United States Tax court; and to cause me to be represented in such proceedings.

POA, ¶ 10. Paragraph 18 of the POA grants her the power to sign any documents necessary to implement any of the powers listed in the previous paragraphs. The POA does not expressly grant the power to file a petition for bankruptcy or to appear on behalf of the debtor in a United States Bankruptcy Court.

The trustee contends that the debtor did not properly initiate this bankruptcy case pursuant to the POA because the document only grants a general power to attend to the financial needs of the debtor and is insufficient because it lacks specific language authorizing the filing of a bankruptcy petition. The trustee recommends that a guardian ad litem be appointed to proceed on behalf of the debtor. The debtor is currently legally incompetent, and unable to amend the POA to grant her daughter the specific power to file bankruptcy on her behalf.

## DISCUSSION

A bankruptcy case may be commenced by an attorney-in-fact in appropriate circumstances. An attorney-in-fact may file a petition on behalf of another if : (1) the debtor meets the requirements of 11 U.S.C. § 109, (2) the commencement of a bankruptcy case is within the scope of authority granted under the power of attorney, and (3) such action does not constitute the practice of law. See In re Hurt, 234 B.R. 1, 2 (Bankr. D.N.H. 1999); In re Easter, No. 03–12674C–13G, 2003

WL 23211565 (Bankr. M.D.N.C Nov. 21, 2003); but see, In re Raymond, 12 B.R. 906 (Bankr. E.D. Va. 1981); In re Smith, 115 B.R. 84 (Bankr. E.D. Va. 1990).[1]

Courts differ as to the degree of specificity required to be set forth in a power of attorney to authorize the filing of a bankruptcy petition. Some courts hold that a general power of attorney referencing legal proceedings is all that is needed to commence a petition for bankruptcy on behalf of another. See In re Easter, No. 03–12674C–13G, 2003 WL 23211565 at *1 (Bankr. M.D.N.C. Nov. 21, 2003) (denying motion to allow attorney-in-fact to file petition on behalf of another where the power of attorney did not mention the commencement of legal proceedings); In re Hurt, 234 B.R. 1 (Bankr. D.N.H. 1999) (a POA granting authority to commence and prosecute proceedings was sufficient to commence a bankruptcy case on debtor's behalf); Cf. In re Curtis, 262 B.R. 619 (Bankr. D.Vt. 2001) (a general power of attorney, without reference to litigation or the commencement of legal proceedings, was insufficient to commence a bankruptcy case especially where the debtor subsequently opposed being in bankruptcy). At least one court has held that a general power of attorney would suffice for a filing on behalf of an overseas serviceman as long as notice of the filing was given to the debtor and he was given a reasonable opportunity to contest the filing. See In re Ballard, No. I-87-00718, 1987 WL 191320 at *1 (Bankr. N.D. Cal. 1987).

Other courts require specific language in the POA authorizing filing of the bankruptcy petition. See In re Sullivan 30 B.R. 781 (Bankr. E.D.Pa. 1983) (specific language was required to

---

[1] The Raymond court found that the filing of a bankruptcy petition was a serious and personal act that should not be exercised on behalf of another. Although the precise wording of the power of attorney at issue was not set forth in the opinion, it is referred to as a "typical, well-drafted, general one regularly utilized by service personnel." Therefore, it is not known whether there was any reference to litigation in the document. The Smith court followed Raymond and suggested that the correct procedure would be the appointment of a *guardian ad litem.*

grant authority to file a petition for bankruptcy on behalf of the debtor); In re Gridley, 131 B.R. 447 (Bankr. D.S.D. 1991) (allowing filing by attorney-in-fact where the power of attorney contained specific provision authorizing the filing of a bankruptcy case).

It is clear to the court that the commencement of this bankruptcy proceeding is within the scope of authority granted to Victoria Ann Wallace under the POA. The document itself is named a "Durable Power of Attorney for Financial Management" – bankruptcy is a form of financial management. Paragraph 10 of the POA expressly authorizes the attorney-in-fact to "institute . . . any legal [or] equitable . . . actions or proceedings [and] . . . to execute and verify petitions . . . in the Federal . . . courts." The filing of a bankruptcy case is initiated by the filing of a petition in a federal court. This language is more than ample to authorize the filing of the petition initiating this case, notwithstanding the omission of the word "bankruptcy." The attorney-in-fact in the present case has also complied with the additional requirements set forth by the court in the Hurt case, which include properly filing case documents in a manner reflecting the representative capacity, filing the POA with the petition, appearing at the first meeting of creditors to state the necessity of commencing the case under power of attorney, and filing the petition with the current mailing address of the debtor. See Hurt 234 B.R. at 3.

## CONCLUSION

Based on the foregoing, Victoria Ann Wallace has authority to initiate this case on behalf of the debtor.

**SO ORDERED**.

**END OF DOCUMENT**